McRAE, Justice,
dissenting:
¶ 12. I concur with the Commission’s recommendation of a public reprimand and $1500.00 fine; however, I do not agree that the sanctions of $1,931.46 not fully explained or without any proof whatsoever in support of the traditional cost allowed should be assessed. The traditional costs allowed in our courts, i.e., transcripts, filing fees, etc., should only be the costs assessed. The Commission has not met its burden of proving these expenses and costs by clear and convincing evidence. Because it has not done so, the majority errs in adopting the Commission’s recommendation and assessing costs of $1981.46 against Judge Bishop. I further do not agree to the 90-day suspension and feel the Commission got the penalty portion right.
¶ 13. The Certificate of Costs in this case is itemized only to the extent that we know that $267.11 was spent on travel expenses for Commission Members and $75.60 on witness fees, etc. Because there is no documentation of these expenses or, at the very least, a more specific itemization of these expenses, we cannot evaluate whether the amounts expended are those allowed by law.[1]
¶ 14. There is no authority in § 177A of the Mississippi Constitution for sanctioning Judge Bishop with the payment of $1931.46 in costs including travel expenses incurred by members of the Commission. Sanctions not specifically authorized under § 177A may not be ordered. In re Branan, 419 So.2d 145, 146 (Miss.1982). Travel expenses for members of the Commission are a most unusual expense, one that is not traditionally charged to litigants by this Court; the mere fact that they can be assessed only when the judge loses before the Commission acts as an incentive for members of the Commission to return a finding of guilt. In the case before us, Judge Bishop was apparently never given an itemized list of the costs nor was he ever given an opportunity to challenge the costs. In this respect, we give greater due process to our litigants in civil cases than we do to judges in disciplinary actions. Why?
¶ 15. There is no authority in § 177A of the Constitution or any statute or rule that specifies the costs to be assessed. Expenses for travel are not the sort of costs typically awarded litigants in our courts. Nor do courts routinely award costs supported solely by the uncorroborated request of a litigant. The costs and expenses assessed in this case have not been proved by clear and convincing evidence, and we should not rubber stamp them where no testimony has been taken or documentation entered into the record in their support. The Commission failed in its burden to prove the expenses and costs, and the majority errs when it accepts the recommendation of the Commission to assess them in this case.
¶ 16. Accordingly, I dissent.

. For example, pursuant to 81 of the Rules of the Mississippi Commission on Judicial Performance and Miss.Code Ann. § 25-7-47 (1999), witnesses are entitled to only $1.50 per day and five cents per mile.